

**U. S. Department of Justice**

*United States Attorney*
*Southern District of Iowa*

*Criminal Division*

Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, Iowa 50309-2053
Telephone (515) 473-9300
Fax (515) 473-9292

November 24, 2025

Susan E. Bindler, Clerk of Clerk
Eighth Circuit Court of Appeals
Thomas F. Eagleton Courthouse, Room 24.329
St. Louis, MO 63102

   Re: *United States v. Bradley Wendt*
     Appeal No. 24-2458

Dear Ms. Bindler:

Pursuant to Fed.R.App.P.28(j), the United States cites *United States v. Charles*, No. 24-3155, 2025 WL 3239061 (8th Cir. Nov. 20, 2025), which rejected a facial challenge to § 922(o)'s machinegun prohibition. The panel split on reasoning, with the lead opinion finding at least some machineguns are not "bearable" arms while the concurrence recognized the continuing vitality of *United States v. Fincher*, 538 F.3d 868 (8th Cir. 2008).

Chief Judge Colloton's concurrence correctly concluded *Bruen* "does not undermine *Fincher*." *Charles*, 2025 WL 3239061, at *3. *Fincher* applied *Heller*'s text-and-history analysis, and *Bruen* only made *Heller*'s standard "more explicit." *Id.* *Bruen* specifically endorsed *Heller*'s holding that the Second Amendment protects only those weapons "'in common use at the time,' as opposed to those that 'are highly unusual in society at large.'" *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 47 (2022). Thus, *Bruen* does not open the door to reconsider *Fincher*. *See United States v. Bridges*, 150 F.4th 517, 523 (6th Cir. 2025) (reaffirming post-*Heller* precedent upholding the machinegun prohibition); *see also United States v. Morgan*, 150 F.4th 1339, 1351 (10th Cir. 2025) (concluding an as-applied challenge involving bearable machineguns "fails under *Bruen* step one").

Nor did *Fincher* misapprehend the historical tradition. The Supreme Court has already completed that analysis, citing colonial-era laws and explaining that "the conception of the militia at the time of the Second Amendment's ratification" was that

militiamen "would bring the sorts of lawful weapons that they possessed at home to militia duty." *District of Columbia v. Heller*, 554 U.S. 570, 627 (2008). Unlike handguns that today are "the quintessential self-defense weapon," *Bruen*, 597 U.S. at 47, "self-defense does not commonly require 'fir[ing] more than 1,000 rounds per minute.'" *Morgan*, 150 F.4th at 1348. Machineguns fall beyond the Second Amendment's scope because of "'their ability to inflict damage on a scale or in a manner disproportionate to the end of personal protection.'" *Bridges*, 150 F.4th at 527.

*Fincher* remains controlling precedent that binds this panel. Wendt's military-style, post-1986 machineguns are highly dangerous and unusual, so the historical tradition places them beyond the Second Amendment's protection.

Sincerely,

David C. Waterman
United States Attorney

By:     */s/ Kyle P. Hanson*
Kyle P. Hanson
Assistant United States Attorney

**CERTIFICATE OF COMPLIANCE
WITH RULES 27(d)(2)(A), 32(a), and 32(g)**

This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) and the word limit of Fed. R. App. P. 32(g)(1) because it contains 350 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft 365 Word in Century Schoolbook font, 12 point.

Dated: November 24, 2025.


By: */s/ Kyle P. Hanson*
  Kyle P. Hanson
  Assistant United States Attorney


  Neal Smith Federal Building
  210 Walnut Street, Suite 455
  Des Moines, Iowa  50309
  Tel:  (515) 473-9300
  Fax:  (515) 473-9292

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Dawn Thomas
Paralegal Specialist